## Rizzo Liquor License Case.

Argued October 5, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*Edward J. Harkins,* with him *Robert J. Wharton, Marlin B. Stephens,* Solicitor for School District of Johnstown, and *Harkins & Wharton,* for appellant.

*Philip N. Shettig,* with him *Leonard Sobol, Thomas A. Swope* and *Shettig, Swope & Shettig,* for appellees.

OPINION BY HIRT, J., November 11, 1953:

The question in this appeal is whether the Liquor Control Board, under §468(a) of Article IV(C) of the Act of April 12, 1951, P. L. 90, 47 PS §4-468, had the power to refuse the transfer of a restaurant liquor license in the exercise of an administrative discretion under the circumstances of this case.

On October 6, 1952, Sam and Joseph Rizzo applied to the Liquor Control Board for the transfer to them of a restaurant liquor license then held by Frank L. Mikesic. They applied also for a transfer of the license from the premises of Mikesic in the City of Johnstown to a new location at 256 Cooper Avenue in Johnstown. In a prior similar proceeding the lower court had denied an appeal from the refusal of the transfer to the Rizzos by the Board for the reason that the proposed premises to which the transfer of license was sought, was then within a distance of less, although only slightly less, than 300 feet from a public school known as Coopersdale School accommodating about 200 pupils in various elementary grades including a

kindergarten. Since the place proposed to be licensed was then within 300 feet of the school the Board properly refused to transfer the license in the exercise of its discretion on the authority conferred by §404 of Article IV(A) of the Liquor Code, 47 PS §4-404. The proposed licensed premises was a single room in a large building and prior to filing the present application for a transfer a partition was moved a few feet thereby reducing the size of the room but increasing the distance of the room from the school to slightly more than 300 feet. Objections to the grant of the transfer were filed by the School District, and many adult residents of the Twenty-first Ward of the City of Johnstown, the area served by the school, filed remonstrances. These included parents of the children attending the school and many property owners in the neighborhood. The Twenty-first Ward, served by the school, is an integrated community known as Coopersdale in which no liquor license has ever been granted.

The Board, after investigation and hearing, found that "The applicants are reputable people and their establishment complies with the physical requirements prescribed by law". As to the premises it was found that although "in close proximity to the Coopersdale Elementary School" nevertheless it is "a distance of 300 feet 3 inches from that institution". Notwithstanding these findings the Board in the exercise of an administrative discretion refused a transfer of the license. In so doing the Board found merit in the objections of the School District and of the parents of school children, to the transfer of the license to premises so near the school in a predominantly residential section of Johnstown. The lower court however, after hearing on the appeal from that order, concluded that the Board had no authority to refuse the transfer and directed that a license evidencing a transfer as prayed

for, be delivered to the applicants by the Board. In construing the applicable provisions of the Liquor Code the court said: "What is meant [by §468] is that a license shall be transferred from one person to another or from one location to another or both under certain requirements of the law, which are in the event of an application for a transfer to a person other than the licensee that such person be a fit and proper person to have such license and in the case of a transfer from one location to another that the location meet with the requirements of the regulations of the Board and be not less than three hundred feet from certain types of property. When these matters have been determined favorably, as they have been determined by the Board in the present case, nothing is left for the Board to do but to grant the transfer." Thus, the court in effect held that, in the light of the findings by the Board in this case, the transfer of the license was mandatory and the Board had no discretion in the matter. With this conclusion we cannot agree.

Under §404 of the 1951 Code the Board, subject to stated restrictions and the provisions of the Quota Act of June 24, 1939, P. L. 806, 47 PS §744-1002, was obliged to grant a restaurant license to an applicant of good repute whose premises met the requirements of the Act and the regulations of the Board. The language of that provision of the section is that "the board shall, in the case of a hotel or restaurant, grant and issue to the applicant a liquor license, and in the case of a club may, in its discretion, issue or refuse a license".[1]

---

[1] Following this mandatory language §404 provides: "That in the case of any new license or the transfer of any license to a new location the board may, in its discretion, grant or refuse such new license or transfer if such place proposed to be licensed is within three hundred feet of any church, hospital, charitable in-

The provisions of Article IV(C) beginning with §461 are entitled "General Provisions Applying to Both Liquor and Malt and Brewed Beverages" and in contrast with the language of §404 it is provided in §468(a) of Article IV(C): "Licenses issued under this article may not be assigned. The board, .... *is hereby authorized to transfer any license issued by it under the provisions of this article from one person to another or from one place to another,* or both, within the same municipality, *as the board may determine*; but no transfer shall be made to a person who would not have been eligible to receive the license originally nor for the transaction of business at a place for which the license could not lawfully have been issued originally, nor, except as herein provided, to a place as to which a license has been revoked." (Italics added). This language, in our view, clearly indicates that the Legislature intended to authorize the Board to grant or refuse the transfer of a license "as the board may determine" in the exercise of a proper discretion, even where the application and the premises formally comply with legal requirements.

We need not speculate as to the reasons which prompted the Legislature to make an original grant mandatory and the transfer of a license discretionary with the Board. It may be noted however that this case on the merits discloses a proper field for the exercise of administrative discretion. The building housing the proposed licensed premises in its outer aspects remained the same in its relation to the school as when the first proceeding was brought. And the argument is specious which insists that the Board must be deprived of discretion by the moving of a partition in

stitution, school, or public playground, or if such new license or transfer is applied for a place where the principal business is the sale of liquid fuels and oil".

the room, which a license is sought to be transferred, so that by a matter of inches the premises may come to be more than 300 feet from the school. And the provision of §404, quoted in the margin, in our view does not negative discretionary authority in the Board to consider the distance of the premises from the school in this case, viz: but 3 inches over the statutory line as one of the elements which with others, called for a refusal of the transfer. Obviously the "derogatory effect on the children attending the school" was not in fact eliminated by the minor structural change made by the applicants to make the premises comply with the law in formal respects. On the merits, also, the protests of the School Board and of a large number of remonstrants, and the reasons assigned by them, indicated the impropriety of transfer of the license to the premises.[2]

Section 104(a), 47 PS §1-104, relating to interpretation of the Liquor Code provides: "This act shall be deemed an exercise of the police power of the Commonwealth for the protection of the public welfare, health, peace and morals of the people of the Commonwealth . . . and all of the provisions of this act shall be liberally construed for the accomplishment of this purpose". The liberality enjoined is in the interest of the public welfare and not in aid of an individual seeking a transfer of a liquor license for his private

---

[2] The question here is of first impression and there is not unanimity in the decisions of the lower courts. Three well considered opinions however may be referred to. In *Brodsky's License*, 44 D. & C. 227, Judge MILNER in construing similar language in the Pennsylvania Liquor Control Act of June 16, 1937, P. L. 1762, held that the Board properly refused a request for the transfer of a license in the exercise of its discretion: *In re Transfer of Liquor License*, 46 D. & C. 93. GORDON, P.J., similarly construed the provisions of the 1937. Act; and in *Loftus' Appeal*, 50 D. & C. 422, Judge BOYER placed the same construction on the Act.

gain. The language of §468 clearly gave the Board an administrative discretion in refusing the transfer of a liquor license and there was no abuse in its exercise in this case. In our view there can be no doubt of the validity of that construction of §468 if liberally construed in the public interest as it must be.

Order reversed at appellees' costs.