Redican Liquor License Case.

512

Argued September 28, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Paul I. Guest,* for appellant.

*Edmund P. Hannum,* Special Deputy Attorney General, with him *Horace A. Segelbaum,* Deputy Attorney General and *Frank F. Truscott,* Attorney General, for appellee.

OPINION BY GUNTHER, J., January 14, 1955:

This is an appeal from the order of the lower court dismissing an appeal from the order of the Pennsylvania Liquor Control Board approving a transfer of a restaurant liquor license from one person to another. The question is whether the Liquor Control Board, under §468(a) of the Act of April 12, 1951, P. L. 90, 47 PS §4-468, abused its discretion in granting the transfer of a restaurant liquor license from one person to another where appellant, a church, is within three hundred feet of the licensed premises.

The right to take this appeal is questioned. Appellee contends that §464 of the Liquor Code, 47 PS §4-464, gives a church a right of appeal only to protect its interest when the Board exercises discretion to grant or refuse a new license or the transfer of any license to a new location if within three hundred feet of a church. The Code provides, §464, that ". . . any church, hospital, charitable institution, school or public playground located within three hundred feet of the premises applied for, aggrieved by the action of the board in granting the issuance of any such license or the transfer of any such license, may take an appeal . . ."

Section 468 clearly grants the Board administrative discretion in permitting the transfer of a liquor license, whether from person to person or place to place. *Rizzo Liquor Case*, 174 Pa. Superior Ct. 143, 100 A. 2d 135. In this case, since the Board had discretion to grant or refuse the transfer, the church stands in the same position as a "party aggrieved" as if a new license had been issued. The court below made no error in upholding the right of the church to take an appeal from the Board's decision. In view of the language in §468, which makes the granting or refusal of a transfer discretionary, did the Board abuse

its discretion under the circumstances in granting the transfer in this case?

Appellant contends that the Board abused its discretion in granting this transfer because the premises fail to meet the physical requirements of the law and because the premises were not being operated as a restaurant. Appellant's complaints are without merit. It was shown that the transferor of the licensed premises sold relatively small amounts of food as compared with the liquor sales, and it is alleged that this fact indicates the premises are not a restaurant as required by the Liquor Code. However, the most that this evidence proves is that perhaps the premises were not properly operated under the previous owner. We cannot automatically conclude therefrom that they will not be properly operated by the new licensee. There is sufficient evidence for the Board to have found that the premises included enough equipment to satisfy the requirement that food be served. Any past or future violations in respect to failure to have or serve food should properly be determined by a proceeding to revoke the license. Appellant's argument that the premises fail to meet the physical requirements is based on the fact that the women's toilet is located on the second floor of the building, while the new license covers only the basement and the first floor. The location of this toilet is certainly within the intent of the Board's regulation which requires that "in rural communities having no sewage disposal system, outside toilets will be permitted by the Board. In all other places, such facilities must be provided inside the licensed premises." The purpose of the regulation is clearly to eliminate outhouses. An accessible toilet in the same building, though not in one of licensed rooms, should be enough to comply with the regulations.

Since the character of the transferee is not questioned in this appeal and since the premises meet the physical requirements of the law, we cannot hold that the Board abused its discretion in granting the transfer. If the premises are not operated in the future with respect to the requirement that the dispensation of liquor shall be auxiliary only to food, the remedy lies in the powers of revocation of license.

Order affirmed.