## Obradovich Liquor License Case.

Argued September 24, 1956. Before STERN, C. J., JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Roslyn M. Litman,* with him *S. David Litman,* and *Litman & Litman,* for appellant.

*Horace A. Segelbaum,* Deputy Attorney General, with him *Herbert B. Cohen,* Attorney General, for Pennsylvania Liquor Control Board, appellee.

*Abe R. Cohen,* with him *Charles E. Hawkins* and *Crone and Cohen,* for protestants, appellees.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, November 12, 1956:

Appellant, Louis Obradovich, applied to the Pennsylvania Liquor Control Board for the transfer to him at 401 Hastings Street, Pittsburgh, of the restaurant liquor license owned by August J. and Mabel E. Anderson for premises 136 South 21st Street in that city. Persons residing in the vicinity of the Hastings Street property protested on the ground that the area was predominantly residential even though zoned commer-

cial. A hearing was held by the Board which found as a fact that the applicant was a reputable person and that the establishment proposed to be licensed met the requirements prescribed by the law, but the Board nevertheless refused the application and its action was sustained by the County Court of Allegheny County. That court also, on a hearing de novo, found that the applicant was a reputable person and that the establishment met the legal requirements of the Liquor Code, but it was of opinion that the objections of the neighbors were entitled to consideration, that the transfer of the license would threaten the quiet character of the neighborhood, and that the restaurant in its new location would be passed by children attending school (the school itself was more than 300 feet away), and this would have derogatory effects on them. Obradovich appealed to the Superior Court, which affirmed the order of the County Court (180 Pa. Superior Ct. 383, 119 A. 2d 839), three judges dissenting. We granted appellant's petition for the allowance of an appeal to this court.

Because, as will appear, of our construction of the applicable provisions of the Liquor Code of April 12, 1951, P. L. 90, we need decide only the principal question here raised, namely, whether, if an applicant for the transfer of a liquor license is of good repute, if the premises applied for and the restaurant business to be conducted therein meet the requirements of the Code, if all the other requirements of the Code are complied with, and if the premises are not within the 300 foot prohibition of a church, hospital, school, etc. (all of which facts are admitted in this case), has the Liquor Control Board a discretion to refuse the transfer because of remonstrances of neighbors or other considerations?

In the case of the original issuance of a liquor license to a restaurant the Board undoubtedly has no such discretion. Section 404 of the Code provides that "Upon receipt of the application, the proper fees and bond, and upon being satisfied of the truth of the statements in the application that the applicant is the only person in any manner pecuniarily interested in the business so asked to be licensed and that no other person will be in any manner pecuniarily interested therein during the continuance of the license, except as hereinafter permitted, and that the applicant is a person of good repute, that the premises applied for meet all the requirements of this act and the regulations of the board, that the applicant seeks a license for a hotel, restaurant or club, as defined in this act, and that the issuance of such license is not prohibited by any of the provisions of this act, the board shall, in the case of a hotel or restaurant, grant and issue to the applicant a liquor license, and in the case of a club may, in its discretion, issue or refuse a license: Provided, however, That in the case of any new license or the transfer of any license to a new location the board may, in its discretion, grant or refuse such new license or transfer if such place proposed to be licensed is within three hundred feet of any church, hospital, charitable institution, school, or public playground, or if such new license or transfer is applied for a place where the principal business is the sale of liquid fuels and oil: . . ." It will thus be seen that, unlike the former Brooks High License Law, the present Liquor Code does not grant discretion to the Board in connection with the application for the issuance of a liquor license except in the case of a club or if the proposed location be within the prohibited distance of certain institutions there enumerated. In the initial

grant of a license the only matters to be considered by the Board are the fitness of the applicant, whether he alone is pecuniarily interested, whether the premises meet the requirements of the Code, and whether the hotel or restaurant for which the license is applied comes within the definitions of those terms in section 102 of the Code. A license may not be refused on grounds not embraced in the statute.

The question then arises: Is the Liquor Control Board vested under the Code with a greater measure of discretion in the case of an application for the transfer of a liquor license than, as has thus been stated, it possesses in the case of the original issuance of such a license? It would certainly seem strange if such were the fact, and an analysis of the provisions of the Code clearly shows that no such greater discretion is granted to the Board where the application is for a transfer. The argument to the contrary is based solely upon the provision of Section 468 of the Code, which is as follows: ". . . The board, upon payment of the transfer filing fee and the execution of a new bond, is hereby authorized to transfer any license issued by it under the provisions of this article from one person to another or from one place to another, or both, within the same municipality, as the board may determine; but no transfer shall be made to a person who would not have been eligible to receive the license originally nor for the transaction of business at a place for which the license could not lawfully have been issued originally, nor, except as herein provided, to a place as to which a license has been revoked. . . ." It is contended that because of the words "as the board may determine" the Board is thereby vested with a general discretionary power to consider matters other than the requirements set forth in the Code governing the trans-

fer of a liquor license. It will be noted that this section of the Code prescribes the same requirements as to person and place for the allowance of a transfer as for the original issuance of a license; the transferee must be a person who would have been eligible to receive the license originally and the place must be one for which the license could have been lawfully issued originally; these are the only qualifications prescribed. It is clear that what the board "may determine" is whether the application meets these requirements. Where the framers of the Code intended to grant a general discretionary power they used appropriate words for the purpose; they said that, in the case of a club, the Board "may, *in its discretion,* issue or refuse a license," and that, in the case of any new license or the transfer of any license to a new location, the Board "may, *in its discretion,* grant or refuse such new license or transfer" if the place proposed to be licensed be within the prohibited distance of a church, hospital, school, etc. And it may also be pointed out that if it was the purpose of the Code to grant an unlimited and wholly undefined discretion to the Board in the case of any application for a transfer, the express grant of discretion in the one instance of the 300 foot provision would clearly have been superfluous.

It is argued that if, when a transfer is applied for, the Board has no discretionary power to take into consideration the number of other restaurants in the neighborhood having liquor licenses, there might result a congestion of such establishments in a given area. But apart from the fact that the same result could as readily follow from the original issuance of liquor licenses, and apart from the further fact that the location of such restaurants would naturally be practically determined by business and competitive

considerations, the final answer is that it is the function of a court to construe legislation as it exists and for the legislature to enact whatever changes therein it may deem desirable; if the legislature wishes to amend the Code as now construed it may readily do so.

We conclude, therefore, that the discretion of the Board in approving or disapproving the transfer of a license is no greater than its discretion in approving or disapproving the original issuance of a license. The opinion of the Superior Court to the contrary was apparently based, without further consideration, upon statements in its prior opinion in *Rizzo Liquor License Case*, 174 Pa. Superior Ct. 143, 100 A. 2d 135. In that case, however, the decision refusing the transfer of a restaurant liquor license was obviously justified by the fact that the restaurant was located in a room in a building which was within 300 feet of a school; the actual location of the room in the building three inches further away than the 300 feet was not material; therefore the case came under the discretionary power expressly given to the Board where the 300 foot provision was involved, so that the statements in the court's opinion in regard to a general discretionary power of the Board were not necessary to the decision. The same observation applies to the *Redican Liquor License Case*, 177 Pa. Superior Ct. 511, 110 A. 2d 829, where the only issue involved was whether the premises met the physical requirements of the law and were being operated as a bona fide restaurant. It is of interest to note that in the local courts which had occasion to deal with the present question prior to the Superior Court decision there was almost a complete unanimity in holding that the transfer of a license from one location to another was subject to the same con-

ditions as the issuance of a new license, and that, if the applicant met those conditions and would therefore have been entitled to a new license for such location, he was entitled to the transfer. Among such decisions may be cited *Larkin's License* (Philadelphia County), 35 D. & C. 684; *Leon's Appeal* (Allegheny County), 90 P.L.J. 453; *Popp's License* (Erie County), 41 D. & C. 500; *Appeal of Gentile* (Fayette County), 43 D. & C. 53; *In re Appeal of Vercoski* (Luzerne County), 39 Luz. L. R. 75; *In re Appeal Liquor License of Gaughan* (Luzerne County), 39 Luz. L. R. 97; *Yarosz's License* (Beaver County), 47 D. & C. 404; *Kalanosky's License* (Luzerne County), 48 D. &. C. 449; *In re Application of Jean Sentenac for Transfer of Restaurant Liquor License* (Somerset County), 14 Som. L. J. 353; *In re Transfer of Koch Liquor License* (Delaware County), 37 Del. Co. Rep. 303; *Singer's Appeal* (Lebanon County), 3 Leb. Co. L. J. 154; *Pressman's Appeal* (Philadelphia County), 53 D. & C. 507; *Barabas' Appeal* (Cambria County), 54 D. & C. 94. Apparently the only reported local court cases to the contrary are *Brodsky's License* (Philadelphia County), 44 D. & C. 227; *In re Transfer of Liquor License* (Philadelphia County), 46 D. & C. 93; *Loftus' Appeal* (Bucks County), 50 D. & C. 422; *Elmen's License* (Crawford County), 51 D. & C. 477; *Shenberger's License* (York County), 54 D. & C. 301. Of these, however, in the *Brodsky* and *Loftus* cases, the applicant was shown not to be a person of good repute, and in the *Elmen* case the transfer was actually granted, so that those cases are not really authority on the question here involved.

In view of our conclusion on the principal question here presented it becomes unnecessary to consider other questions raised by appellant, namely, whether, if the

Code were construed to give the Board the discretion claimed by appellees it would in that regard be unconstitutional because of its failure to provide standards to regulate the exercise of such discretion; whether the Board could determine the Hastings Street area to be residential in view of the fact that it was zoned commercial; whether the Board improperly made its findings on the basis of mere speculative and opinion testimony; whether its refual of the transfer was discriminatory, arbitrary and capricious, and therefore a manifest abuse of discretion.

The order of the Superior Court affirming the order of the County Court of Allegheny County is reversed, and it is directed that the Liquor Control Board approve appellant's transfer application; each party to bear his, its, or their own costs.

Mr. Justice BELL and Mr. Justice MUSMANNO dissent.