## Feitz Estate

Before Klein, P. J., Bolger, Lefever, Saylor and Shoyer, JJ.

*Abraham J. Levinson*, for exceptant.

*Irvin Stander* and *Sydney J. Fires*, Special Assistant Attorneys General, contra.

SHOYER, J., June 10, 1960.—The sole issue raised by the exceptions is the right of the Commonwealth to appraise for inheritance tax the transfer of a liquor license from a decedent's estate to a third party. The Pennsylvania Inheritance Tax Act imposes the tax "upon the transfer of any property . . . or of any interest therein . . . to persons . . . when the transfer is by will or by the intestate laws of this Commonwealth from any person dying seized or possessed of the property while a resident of the Commonwealth . . .": Transfer Inheritance Tax Act of June 20, 1919, P. L. 521, as amended, 72 PS §2301.

Decedent died, testate and unmarried, while a resident of Philadelphia on January 16, 1959. She named Joseph Goldman, a nonrelative, as executor and sole beneficiary of her estate. The will provides in paragraph "SECOND: I give, devise, and bequeath to JOSEPH GOLDMAN all of my right, title and interest in and to the restaurant liquor license issued for premises 177 West Girard Avenue, and in and to any other license which I hereafter may hold and issued by the Pennsylvania Liquor Control Board."

Although the executor omitted the liquor license from his inventory, the register of wills included it in his appraisement of the personal property of decedent at a valuation of $14,500. Joseph Goldman, the transferee, appealed to this court, and has now filed the present exception to the order of the learned hearing judge dismissing his appeal.

Exceptant relies on Ryan Estate, 375 Pa. 42 (1953), where our Supreme Court held to be not taxable a license issued to decedent's widow as an individual, upon her application as administratrix.

The Commonwealth cites section 14(a) of the Beverage License Law of July 18, 1935, P. L. 1217, as reënacted and amended by the Act of June 16, 1937, P. L. 1827, now section 468(a) of the Liquor Code of April 12, 1951, P. L. 90, 47 PS §4-468, which reads in part as follows: "In the case of the death of a licensee, the board may transfer the license to the surviving spouse or personal representative or to a person designated by him."

Repeating the same arguments that it used in Ryan Estate, supra, as to the transferability of the license, the Commonwealth seeks to distinguish the present case on its facts. It is emphasized that here the executor had the license transferred to his designee, namely, himself, as specific legatee under decedent's will, that this executor could act only on behalf of the estate and that he was merely the agent for the estate in securing the transfer of the license. From these premises it is argued that "it necessarily follows that the estate, or principal, is the one who really owned the license and as such owner should be required to include it as an asset" of the estate.

We shall not review the facts in Ryan Estate. Suffice it to say that the issues there involved embraced the claim of a minor daughter to one-half her father's estate as well as the claim of the Commonwealth for inheritance tax on the appraised value of decedent's liquor license. We have examined the paper books filed in that case by counsel representing the daughter's guardian and the Commonwealth. Counsel were able and their arguments persuasive. So persuasive, in fact,

that the Chief Justice and Mr. (now Chief) Justice Jones, along with Mr. Justice Chidsey, were convinced of the merits of the Commonwealth's claim and joined in the last named justice's 12 page dissent. They were of the opinion that, page 56, "the valuable incident of the right to apply for a new license which the Board is authorized to grant does pass under the Liquor Control Act of 1937 to the surviving spouse or the personal representative. Therefore, to the extent of the value of the right to apply for a new license in the name of the surviving spouse or the personal representative and the consequent right of sale and transfer, the estate is enhanced."

The majority, however, held that decedent's liquor license terminated with the licensee's life and was not property of decedent's estate. When reissued upon the application of the administratrix, it became the "individual property" of the widow. Furthermore, since "it was not 'property of which the decedent was seized or possessed at the time of his death' ", it could not become an asset of his estate subject to inheritance tax.

Here there is no spouse. However, Joseph Goldman, as the legatee named in the will and as the "person designated by" the personal representative in his application to the board for transfer of the license, is just as much within the express language of section 468.(a) as was the widow in Ryan Estate. Such a transferee, when of good repute and having met all the requirements of the Liquor Code, has an absolute right to have the requested transfer approved by the board: Obradovich Liquor License Case, 386 Pa. 342, 350 (1956).

Believing the distinction raised by the Commonwealth to be without merit, we are obliged, under well

recognized principles of law, to follow the holding of
our Supreme Court in Ryan Estate: Townsend Trust,
349 Pa. 162, 168 (1944).

Accordingly, the exceptions are sustained and this
record is remitted to the register of wills with instruc-
tions to reduce his tax assessment on this estate in
accordance with the above.

Saylor, J., dissents.