Lousil, Inc. *v.* Liquor Control Board and City of Philadelphia, Intervenor.

34

Argued February 8, 1972, before President Judge
BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKIN-
SON, JR., MENCER, ROGERS and BLATT.

*Arthur S. Lorch,* for appellant.

*Alexander J. Jaffurs,* Assistant Attorney General, with him *Albert B. Miller,* Special Assistant Attorney General, and *J. Shane Creamer,* Attorney General, for appellee.

*James M. Penny, Jr.,* Assistant City Solicitor, with him *John Mattioni,* Deputy City Solicitor, and *Levy Anderson,* City Solicitor, for Intervenor.

OPINION BY JUDGE ROGERS, March 21, 1972:

Once again we are urged, for unquestionably sound reasons of community betterment, to strain the construction of an Act of the General Assembly and to ignore a holding of our Supreme Court; and to do so, furthermore, with reference to a matter readily subject to amelioration by the Legislature, if that be its will. It is not within the authority of this or any court to rewrite the statutory law of the Commonwealth definitively construed by the Supreme Court, however urgent the cause or dim the hope for legislative attention. Even if such authority were conferred upon us, we would hesitate to exercise it, as we are here urged to do, by placing in jeopardy the future transferability of every hotel and restaurant liquor license in the State.

Jochs, Inc., is the holder of a restaurant liquor license for premises 4060 Market Street, Philadelphia, which it desires to transfer to Lousil, Inc. The premises, which has been a licensed establishment since the repeal of prohibition, meets all of the physical requirements of the Liquor Code and regulations of the Liquor Control Board and the transferee is fully qualified to hold a license. However, there is *now* a church and a school within 300 feet of 4060 Market Street. Further, the Liquor Control Board after a hearing at which city councilmen, school officials, police officers, leaders of community and civic groups, representatives of neighborhood churches, local businessmen and, notably a

State Senator and a State Representative, appeared in opposition to the transfer, found that the ". . . granting of this license will adversely affect the welfare, peace, health and morals of the neighborhood within a radius of 500'." The Board refused the transfer and the Court of Common Pleas, again after hearing, affirmed.

The Liquor Control Board and the City of Philadelphia, which has intervened, contend that the Board has discretion to deny the transfer of this liquor license from one corporation to another corporation because the premises in question is now within 300 feet of a church and a school and, further, that it is required to refuse the transfer because it is of the opinion the continued presence of a licensed operation at this location would adversely affect the welfare, health and morals of the neighborhood within a radius of 500 feet. The Board adheres to this position although it admits that the principals of the proposed transferee corporation might legally have achieved a transfer by simply purchasing the capital stock of the licensee.

Prior to its amendment in 1959, as hereinafter set out, Section 404 of Article IV of the Liquor Code, Act of April 12, 1951, P. L. 90, 47 P.S. §4-404, read pertinently as follows: "Upon receipt of the application . . . and upon being satisfied . . . that applicant is a person of good repute, that the premises applied for meet all the requirements of this act and the regulations of the board, that the applicant seek a license for a hotel, restaurant or club, as defined in this act, and that the issuance of such license is not prohibited by any of the provisions of this act, the board shall, in the case of a hotel or restaurant, grant and issue to the applicant a liquor license, and in the case of a club may, in its discretion, issue or refuse a license: Provided, however, That in the case of any new license or the transfer of any license to a new location the board may, in its dis-

cretion, grant or refuse such new license or transfer if such place proposed to be licensed is within three hundred feet of any church, hospital, charitable institution, school, or public playground. . . ."

In *Obradovich Liquor License Case,* 386 Pa. 342, 126 A. 2d 435 (1956), the Supreme Court considered the appeal of one who had applied for the transfer to him at a new location of a restaurant license for other premises. The Board and court below had denied the transfer because of remonstrances of neighbors of the proposed new location. On appeal the Liquor Control Board and the protestants contended that the Board had discretion to deny the transfer because of the remonstrances. The Supreme Court held that the Code gave the Board no general discretion or power to deny a transfer of a license to a new location, that Section 404 set forth the only grounds for refusal of such a transfer and that, it appearing that the new premises and new licensee met the requirements of Code and regulation, the transfer might not be refused. The court dealt specifically with whether Section 468 of the Code, 47 P.S. §4-468, granted the Board the claimed discretion (an argument strangely and we might add speciously repeated hereby the City and Community Legal Services in its brief as amicus curiae), as follows: "The argument to the contrary is based solely upon the provision of Section 468 of the Code, which is as follows: '. . . The board, upon payment of the transfer filing fee and the execution of a new bond, is hereby authorized to transfer any license issued by it under the provisions of this article from one person to another or from one place to another, or both, within the same municipality, as the board may determine; but no transfer shall be made to a person who would not have been eligible to receive the license originally nor for the transaction of business at a place for which the license

could not lawfully have been issued originally, nor, except as herein provided, to a place as to which a license has been revoked. . . .' It is contended that because of the words 'as the board may determine' the Board is thereby vested with a general discretionary power to consider matters other than the requirements set forth in the Code governing the transfer of a liquor license. It will be noted that this section of the Code prescribes the same requirements as to person and place for the allowance of a transfer as for the original issuance of a license; the transferee must be a person who would have been eligible to receive the license originally and the place must be one for which the license could have been lawfully issued originally; these are the only qualifications prescribed. It is clear that what the board 'may determine' is whether the application meets these requirements. Where the framers of the Code intended to grant a general discretionary power they used appropriate words for the purpose; they said that, in the case of a club, the Board 'may, in its discretion, issue or refuse a license,' and that, in the case of any new license or the transfer of any license to a new location, the Board 'may, in its discretion, grant or refuse such new license or transfer' if the place proposed to be licensed be within the prohibited distance of a church, hospital, school, etc. And it may also be pointed out that if it was the purpose of the Code to grant an unlimited and wholly undefined discretion to the Board in the case of any application for a transfer, the express grant of discretion in the one instance of the 300-foot provision would clearly have been superfluous." 386 Pa. at 346, 347, 126 A. 2d at 347.

Doubtless in response to the *Obradovich* holding, Section 404 was amended by the Act of August 25, 1959, P. L. 786, by the addition of a further proviso: "And provided further, That the board shall refuse

any application *for a new license or the transfer of any license to a new location* if in the Board's opinion, such new license or transfer would be detrimental to the welfare, health, peace and morals of the inhabitants of the neighborhood within a radius of five hundred feet of the place proposed to be licensed." (Emphasis added.)

Hence the Legislature provided the ground for denying the transfer (or an original license) held unavailable in *Obradovich*. But it failed to include within the scope of this new grant of power transfers of a license from person to person, as distinguished from transfers to new locations. In short, Section 404 clearly and unequivocally now provides pertinently to this case that the Board must issue a restaurant license to a qualified person and for a qualified premises either originally or by transfer; provided that the Board may refuse the application in the case of a new license or the transfer to a new location if the premises is within 300 feet of a church, hospital, school, etc., and provided further that it must refuse the application in the case of a new license or transfer to a new location if it is of the opinion that such new license or transfer to a new location would be detrimental to the interest of the neighborhood within 500 feet. Since the premises[1] and

---

[1] The Board has conceded that the premises here conform to Code and regulations. The City seems to argue that because a new license would not be issued for the premises because of its location, the premises itself does not meet the the requirements of the act and regulations as provided by Section 404. This is pure sophistry because, following the phrase alluded to, are the provisos granting the Board discretion to deny transfer in some instances and requiring denial in others by reason of the location of an otherwise conforming premises. The City repeats its argument by reference to Section 470 prohibiting renewals where ". . . the premises do not meet the requirements of this act or the regulations of the board." The *Board's* counsel concedes that it has no power to refuse renewal of a license for nonconformity of location occurring after the grant of a license.

transferee here admittedly meet the Code and regulation requirements and the transfer is not to a new location, the Board has no discretion to refuse the transfer because of the present proximity to church or school and it is under no compulsion to refuse because in its opinion the neighborhood is suffering because of the presence of the licensed premises.

Amicus Curiae makes a further argument based upon Section 468 of the Code. It lifts from a proviso clause in that lengthy section dealing with transfers the phrase "[n]o transfer shall be made . . . for the transaction of business at a place for which the license could not lawfully have been issued originally. . ." and argues that since 4060 Market Street is now within 300 feet of a church or school and is now found to have adverse effect on the neighborhood, the transfer here sought should be denied. We believe that this phrase in context, and read as it must be with Section 404, means no more than that a transfer may not be the means for the establishment of a new liquor business at an unlawful place.

We have attempted here to deal with the specific points raised by the three briefs submitted in support of the Board's action in this case. Because the statute seems clear to us, the general principle that the Liquor Code's purpose is to control rather than stimulate liquor sales and the plea that this court should join with the appellees in upgrading the neighborhood of 40th and Market Street, are unfortunately, unavailing. The support here given appellees by members of the General Assembly indicates that leadership for legislative action in available.

The order of the court below is reversed and it is directed that the Liquor Control Board approve appellant's transfer application; each party to bear its own costs.

DISSENTING OPINION BY JUDGE MENCER:

I respectfully dissent.

I read *Obradovich Liquor License Case*, 386 Pa. 342, 126 A. 2d 435 (1956), to hold that the Liquor Code prescribes the same requirements for premises to be licensed to a new licensee by transfer as is required for the original issuance of a license. At page 347 of the *Obradovich* case, *supra,* it is stated: "It will be noted that this section of the Code [Section 468 dealing with transfers] *prescribes the same requirements* as to person and place *for the allowance of a transfer as for the original issuance of a license;* . . . the place must be one for which the license could have been lawfully issued originally. . . ." (Emphasis supplied.)

Here, the premises being within 300 feet of a church and a school, the Board could properly refuse the original issuance of a license,[1] and since the same requirements as to premises apply to a *new licensee by transfer* as are required for the original issuance of a license, I fail to understand why the Board could not properly refuse appellant's application in this case. In *Obradovich, supra,* it was carefully noted that it was an admitted fact that the premises were not within the 300-foot prohibition of a church, hospital, school, etc. Such is not the case here where the admitted fact is just the contrary.

I would affirm the lower court.

Judge BLATT joins in this dissent.

---

[1] Section 404 of Article IV of the Liquor Code, Act of April 12, 1951, P. L. 90, 47 P.S. §4-404.