## Alcoholic Beverage Distributors

KANE, *Attorney General,* September 2, 1975—We have a request for an opinion from the

chief counsel of your board as to whether the board has discretion to refuse the grant of a new distributor's or importing distributor's license or the transfer of an existing license if the location of the premises to be licensed (1) is within 200 feet of other licensed premises; (2) is within 300 feet of a church, hospital, charitable institution, school or public playground; or (3) would be detrimental to the welfare, health, peace and morals of the neighborhood within a radius of 500 feet of the place to be licensed. It is our opinion and you are advised that the board does not have such discretion.

Section 431(b) of the Liquor Code of April 12, 1951, P.L. 90, 47 PS §4-431(b), provides:

"(b) The board *shall issue* to any reputable person who applies therefor, pays the license fee hereinafter prescribed, and files the bond hereinafter required, a distributor's or importing distributor's license for the place which such person desires to maintain for the sale of malt or brewed beverages, not for consumption on the premises where sold. . . And provided further, That the board shall have the discretion to refuse a license to any person or to any corporation . . . [who] shall have been convicted or found guilty of a felony within a period of five years immediately preceding the date of application for the said license." (Emphasis supplied.)

The language quoted is not discretionary language (except with regard to an applicant convicted of a felony), but requires the board to issue the license if all of the conditions are met. There are no 200-feet, 300-feet, or 500-feet criteria applicable to distributors or importing distributors. Such criteria are applicable only to hotels, restaurant or club liquor licenses (47 PS §4-404) and to malt and

brewed beverages retail dispensers' licenses: 47 PS §4-432(b).

In Obradovich Liquor License Case, 386 Pa. 342 (1956), the court held that where an applicant for a restaurant liquor license met all the requirements of the code, both as to the physical aspects of the licensed premises and the reputation and fitness of the applicant, the board did not have the discretion to consider matters other than the requirements set forth in the code. Therefore, the board could not refuse the transfer of the license because of the protests of the neighbors or other considerations. The court went on to say that the board's discretion in approving or disapproving the transfer of a license is no greater than its discretion with regard to the original issuance of the license.

Accordingly, it is our opinion, and you are advised, that the board does not have the discretion to refuse the issuance or transfer of a distributor's or importing distributor's license if the conditions of section 431(b) and other provisions of the code are met and the board may not consider evidence of the proximity of the premises to other licensed premises, or to charitable institutions or of the effect of the licensed premises on the welfare of the neighborhood.