## Rice's License

*Harry W. Farmer, Jr.*, for appellant.
*Maurice Levin, Deputy Attorney General,* for Commonwealth.

SUGERMAN, *J.*, December 3, 1976 — Appellant, Shirley M. Rice, appeals from the action of the Secretary of Transportation suspending her privilege to operate a motor vehicle by reason of incompetency pursuant to the authority contained in section 604(a)(6) of The Vehicle Code.[1]

### FINDINGS OF FACT

1. Appellant, who at all times pertinent hereto, was licensed by the Department of Transportation

---

1. April 29, 1959, P.L. 58, sec. 604, as amended, 75 P.S. §604(a)(6).

to operate motor vehicles, was discharged from Haverford State Hospital on December 19, 1975, and at or about the time of discharge, the director of that institution reported to the Department of Transportation on the Department's Form TS-113 that appellant was not competent to drive a motor vehicle.

2. In addition to such opinion as expressed in the Remarks section of the form, the hospital director in response to question no. 7 on the form, "Upon discharge, do you consider this person competent to exercise reasonable and ordinary control over a Motor Vehicle?", replied "No."

3. Upon receipt of Form TS-113 from the hospital director, the director of the Bureau of Traffic Safety, by notice dated January 20, 1976, suspended appellant's privilege to operate a motor vehicle under the authority granted by section 604(a)(6) of The Vehicle Code, such suspension to become effective on February 23, 1976, and to endure until appellant established "sufficient proof of competency."

4. On February 5, 1976, appellant appealed the action of the director of the Bureau of Traffic Safety, designee of the Secretary of Transportation, such appeal acting as a supersedeas of the suspension pending disposition hereof.

## DISCUSSION

At hearing on appeal, the Commonwealth introduced a copy of Department of Transportation Form TS-113, together with a copy of the notification from the director of the Bureau of Traffic Safety suspending appellant's privilege to operate a motor vehicle by reason of incompetency, imposed under the authority of section 604(a)(6), and

thereupon rested. Appellant offered no evidence and on the record so made, we must determine whether the director of the Bureau of Traffic Safety was authorized to suspend appellant's operating privilege under the authority of the section of The Vehicle Code invoked by him.

A fair reading of Form TS-113, entitled Mental Case Report of Discharged Patient, as introduced at bar, indicates that appellant was a patient at Haverford State Hospital, that she was discharged therefrom on December 19, 1975, and that upon discharge, in the opinion of the director of that institution, appellant was neither competent to drive a motor vehicle, nor competent to exercise reasonable and ordinary control over a motor vehicle. As noted, the director of the Bureau of Traffic Safety, apparently on the basis of the information set forth on Form TS-113, suspended appellant's operating privileges under the authority of section 604(a)(6) of The Vehicle Code.

Section 604(a)(6) provides, in its entirety, the following:

"§ 604. Persons not to be licensed

"(a) An operator's license or learner's permit shall not be issued to any person under the following conditions.[2]

". . .

"(6) If he has been adjudged insane or an idiot, imbecile, epileptic or feebleminded, until restored to competency by judicial decree, or released from a hospital for the insane, or feebleminded, upon certification by the superintendent or medical di-

2. We are not here called upon to determine whether the authority thus vested in the Secretary of Transportation to refuse to issue an operator's license to any person also includes the power to suspend such license if already issued.

rector that such person is competent, nor then, unless the secretary is satisfied such person is competent to operate a motor vehicle or tractor with safety to persons and property."

It is at once apparent that the section here invoked by the Secretary of Transportation provides that an operator's license shall not be issued to any person "If he has been *adjudged* insane or an idiot, imbecile, epileptic or feebleminded . . ." (emphasis supplied). The operative word in the section is of course the word "adjudged," and we must therefore endeavor to construe its meaning, as under the plain and logical import of the remaining language of the section, the secretary may only withhold an operator's license from a person *"adjudged* insane, or an idiot . . ." (Emphasis supplied.)

The word "adjudged" is not defined by The Vehicle Code. The Statutory Construction Act of 1972[3], 1 Pa. C.S.A. §1903(a), provides in such event that words shall be construed according to their common and approved usage, unless such words are "technical," or are words which have acquired a peculiar and appropriate meaning, in which event, such words shall be construed according to such peculiar and appropriate meaning.

We need not here decide whether the word "adjudged" should be construed according to its common and approved usage, or as a technical word, according to its peculiar and appropriate meaning, for in either event, the meaning is virtually the same—the act of *judicially* determining or deciding.[4]

3. November 25, 1970, P.L. 707, added December 6, 1972, sec. 3.

4. The common and approved usage of the word "adjudge," as set forth in Webster's New International Dictionary, Sec-

In our view, then, the secretary may only invoke section 604(a)(6) as authority for suspension if there has been a *judicial* determination of insanity, idiocy, imbecility, epilepsy or feeblemindedness. That view is reinforced by the later language of the same section. The secretary may issue a license to a person who has been adjudged insane, if, inter alia, such person has been "restored to competency by judicial decree." Such language would appear meaningless unless the adjudication of insanity was in the first instance by judicial decree.

In any event, it is apparent that at bar, the Commonwealth offered no evidence of any description to show that appellant has ever been adjudged by anyone, let alone a competent court, to be "insane, or an idiot, imbecile, epileptic or feebleminded."

When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit: Statutory Construction Act of 1972, 1 Pa. C.S.A. § 1921(b); Paxon Maymar, Inc. v. Liquor Control Board, 11 Pa. Commonwealth Ct. 136, 312 A.2d 115 (1973). We think the words of section 604(a)(6) are quite clear and inasmuch as no such adjudication appears on the record, we conclude that the secretary had no authority to suspend appellant's license under the provisions of that section, and we must therefore reverse the suspension.

ond Edition, Unabridged, is: to determine in the exercise of judicial power; to decide or determine judicially; to adjudicate, order or decree. If construed as a technical term, Ballantine's Law Dictionary, Third Edition (1969), defines the word as meaning to give judgment; to determine by the judgment of the court.

In passing we note that in our view, the appropriate section under which the secretary might have acted is section 604(a)(7), providing that the secretary shall not issue a license to any person: "If he is afflicted with, or suffering from, a physical or mental disability or disease . . . which, in the opinion of the secretary, will prevent such person from *exercising reasonable and ordinary control over a motor vehicle* or tractor." (Emphasis supplied.)

In all likelihood, the Secretary of Transportation in cases as the one at bar intended to act under the authority of section 604(a)(7), as Question No. 7 on Form TS-113 is couched in language nearly identical to the emphasized words, above. He did not, however, and we therefore enter the following

### ORDER

And now, December 3, 1976, the appeal of Shirley M. Rice, appellant, is hereby sustained; the action of the director of the Bureau of Traffic Safety in suspending appellant's privilege to operate a motor vehicle is hereby reversed; and appellant's said privilege is hereby restored.