## Cohen Liquor License Case.

Argued June 14, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Abraham J. Levinson,* for appellants.

*Russell C. Wismer,* Special Assistant Attorney General, with him *George G. Lindsay,* Assistant Attorney General, and *David Stahl,* Attorney General, for Pennsylvania Liquor Control Board, appellee.

OPINION BY WRIGHT, J., September 13, 1962:

These appeals involve the refusal of the Pennsylvania Liquor Control Board to approve the transfer of a retail malt beverage license to premises at 6500 Torresdale Avenue in the City of Philadelphia. The action of the Board was sustained by the court below, and the applicants for the transfer have appealed.

The sole question presented is whether the Board acted properly in refusing to transfer the license because of a deed restriction prohibiting the sale of alcoholic beverages upon the premises for which the license is sought. This is not a new question. We have consistently held in our prior cases that the Board may refuse to issue or transfer a license where

there is a covenant in the deed for the premises sought to be licensed which prohibits the use thereof for the sale of intoxicating liquors. In *Cheris's Liquor License Case*, 127 Pa. Superior Ct. 355, 193 A. 162, the following pertinent statement appears:

"The provision in the Pennsylvania Liquor Control Act . . . directing that on compliance by the applicant with certain conditions, the board 'shall grant and issue a liquor license', does not have the effect of nullifying and invalidating such a restrictive covenant in the deed, or rendering it illegal. The declared purpose of the Act is to regulate and restrain the sale, traffic in and use of alcohol and alcoholic, malt and brewed liquors, not to promote and encourage their sale and use; and the statute declares . . . that it shall be interpreted as an exercise of the police power of the Commonwealth for the protection of the public welfare, health, peace and morals of the people of the Commonwealth. Certainly, the Act exhibits no purpose or intent to strike down and render void covenants in deeds restricting or prohibiting the sale of intoxicating liquors, which our courts have upheld as reasonable and legal. Neither in the title nor in the body of the Act is such an effect expressly given to its provisions, nor can it reasonably be implied.

"The statute is dealing in general terms with applicants, who, ordinarily, are not restricted or prohibited by covenants in their deeds from selling intoxicating liquors on their premises, and the mandatory word 'shall' relied on by appellant is necessarily limited to an applicant whose deed does not prohibit the sale of the liquors which he proposes to dispense under his license".

The reasoning of the opinion in the *Cheris* case was emphatically restated by President Judge KELLER in *McGettigan's Liquor License Case*, 131 Pa. Superior Ct. 280, 200 A. 213. It was followed in *J. C. Grille*

*Liquor License Case,* 181 Pa. Superior Ct. 456, 124 A. 2d 659, wherein we said: "A covenant in a deed prohibiting use of the real estate conveyed for the manufacture or sale of intoxicating liquors is reasonable and legal . . . And where such a restriction exists, the Board may lawfully refuse to issue a restaurant liquor license". In *Royal Liquor License Case,* 190 Pa. Superior Ct. 643, 155 A. 2d 234, we again held that the Board may lawfully refuse to issue a license where there is a restriction in the deed to the premises prohibiting the use thereof for the sale of liquor. In the words of Judge HIRT in the *Royal* case:

"In construing prior liquor control acts the Liquor Control Board uniformly applied the above principles to restrictions in deeds to property prohibiting its use for the sale of intoxicating liquors. And we have consistently supported the Board by holding that it can lawfully refuse to issue a restaurant liquor license where there is a restriction, in the deed to the property, which prohibits its use for that purpose . . . The intent of the present Liquor Code, supra, is the same as the legislation which it supplanted and the lower court properly dismissed the appeal from the decision of the Liquor Control Board in this case".

We are now asked to overrule these prior decisions because of a statement by our Supreme Court in *Obradovich Liquor License Case,* 386 Pa. 342, 126 A. 2d 435, as follows: "A license may not be refused on grounds not embraced in the statute". Counsel for appellants argues that the existence of a deed restriction is not embraced in the statute as one of the grounds on which a license may be refused, and that the adjudication and enforcement of a deed restriction is a judicial function to be exercised in an equity action in the court of common pleas. We are of the opinion, however, that the deed restriction cases constitute a well-defined exception to the general statement in the *Obradovich* opin-

ion. It should be noted that the *Obradovich* case did not involve a deed restriction. It should be further noted that the *Obradovich* case was decided in 1956, and the opinion in the *Royal* case was handed down in 1959, three years later. It is also significant that, although the legislature undoubtedly has knowledge of appellate court decisions, it did not make any change in the statute. We may reasonably assume, therefore, that the legislature intends the law to be as we have announced it.

In brief, it is our view that the law has been properly announced and applied in the *Cheris, McGettigan, Grille,* and *Royal* cases above cited. If a change is to be made in the long-settled policy established by these decisions, it should be accomplished by action of the legislature.

Order affirmed.