## Pittaulis Liquor License Case.

244

Argued January 14, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*Samuel Rappaport,* with him *Joseph Rappaport,* and *Rappaport & Furman,* for appellant.

*Bruce W. Kauffman,* with him *David H. Pittinsky, H. Robert Fiebach, Dilworth, Paxson, Kalish, Levy & Coleman,* and *Wolf, Block, Schorr & Solis-Cohen,* for appellee.

*I. Harry Checchio,* Special Assistant Attorney General, for Pennsylvania Liquor Control Board, appellee.

OPINION BY MR. JUSTICE ROBERTS, October 12, 1971:

This appeal, taken by an unsuccessful applicant for a liquor license transfer, poses the question whether the Pennsylvania Liquor Control Board can properly reject an otherwise qualified transfer application for the reason that parol evidence indicates that the applicant's lease does not permit the sale of alcoholic beverages on the demised premises. We hold that the Board exceeded its statutory authority in denying the requested license transfer on this ground.

The events leading up to the present appeal are as follows:

Appellee Food Distribution Center owns and leases a wholesale produce market to the Philadelphia Fresh Food Terminal Corporation. On February 20, 1967, appellant entered into a written sublease with Fresh Food for the rental of a portion of the market for a term of five years commencing April 1, 1967, for a total consideration of $22,800. The agreement between appellant and Fresh Food provided that the demised premises would only be used for the operation of a "restaurant" and further declared that the sublease was subject to the terms of the main lease between Fresh Food and the Food Distribution Center.

On October 16, 1967, appellant filed an application with the Pennsylvania Liquor Control Board for transfer of a liquor license to his restaurant in the wholesale produce market. A hearing was conducted in due course, at which the Food Distribution Center ap-

peared, argued, and presented evidence. Although its hearing examiner recommended that the application be approved, on April 9, 1968, the Board refused the transfer, citing as its reasons that appellant did not have a "proper lease" and that such a transfer would adversely affect the health, morals and welfare of the inhabitants within a radius of five hundred feet.

Appellant thereafter appealed the Liquor Control Board's adverse decision to the Philadelphia Court of Quarter Sessions. At a hearing held pursuant to this appeal, the court refused to receive any testimony offered by the Food Distribution Center to attempt to prove by parol evidence that appellant's sublease did not include the right to serve alcoholic beverages. Following the hearing, the court reversed the order of the Board and directed that appellant be allowed to transfer his license.

Although the Board chose not to challenge this reversal of its decision, the Food Distribution Center appealed to the Superior Court. That court made no decision on the merits but remanded the record for further hearing with instructions that the Food Distribution Center be permitted to present evidence and otherwise participate in the proceedings. See *Costalas Liquor License Case*, 214 Pa. Superior Ct. 742, 251 A. 2d 666 (1969).

Pursuant to the order of remand, a second hearing was held in the Philadelphia Court of Common Pleas, and this time the Food Distribution Center introduced its evidence concerning its interpretation of the scope of appellant's sublease. At the conclusion of the hearing, the court sustained the Liquor Control Board's denial of appellant's application. The Superior Court affirmed and we granted allocatur.

In affirming the Liquor Control Board, the hearing court specifically found that appellant was of good character and financial ability and concluded that the

record did not support the Board's finding that approval of appellant's application would be detrimental to the welfare, health, peace and morals of the neighborhood within a radius of five hundred feet. However, the court agreed with the Board that appellant's sublease precluded the sale of liquor and sustained the denial of the application solely on this ground.

In so ruling, the court noted that the Superior Court has held that the Liquor Control Board may properly refuse to issue or transfer a license where the premises involved are subject to a deed containing a covenant prohibiting the sale of alcohol, see, e.g., *Cohen Liquor License Case,* 199 Pa. Superior Ct. 8, 184 A. 2d 387 (1962), and reasoned that the same result should follow when a similar use restriction is imposed not by a deed but by a lease.

With this legal premise in mind, the court considered parol evidence of the negotiations surrounding the execution of appellant's sublease and determined that the sublease did not give appellant the right to serve liquor in his restaurant. In this regard, the court attached particular significance to a provision of the sublease expressly subordinating the sublease to the terms of the main lease between the Food Distribution Center and Fresh Food Terminal Corporation, to a term of the main lease prohibiting any use not specifically sanctioned by the Food Distribution Center, and, finally, to the fact that a representative of the Food Distribution Center informed appellant prior to the execution of the sublease that it would not grant permission for appellant's sale of alcoholic beverages.

Although the hearing court's interpretation of appellant's sublease is not on this record clearly erroneous, we do not believe that this or any other construction of the lease can serve as a legitimate basis for the rejection of appellant's application. We have made it quite clear that, ". . . unlike the former Brooks High

License Law, the present Liquor Code does *not* grant discretion to the Board in connection with the application for the issuance of a liquor license except in the case of a club or if the proposed location be within the prohibited distance of certain institutions there enumerated. In the initial grant of a license the *only* matters to be considered by the Board are the fitness of the applicant, whether he alone is pecuniarily interested, whether the premises meet the requirements of the Code, and whether the hotel or restaurant for which the license is applied comes within the definitions of those terms in section 102 of the Code. A license may not be refused on grounds not embraced in the statute." *Obradovich Liquor License Case,* 386 Pa. 342, 345-46, 126 A. 2d 435, 436-37 (1956) (emphasis added). The same holds true in the case of a transfer application, for "the discretion of the Board in approving or disapproving the transfer of a license is no greater than its discretion in approving or disapproving the original issuance of a license." Id. at 348, 126 A. 2d at 438.

The transfer application in the instant case does not involve a club or area in proximity to any church, hospital, charitable institution, school, public playground, other premises licensed by the Board, or place where the principal business is the sale of liquid fuels and oils. See Liquor Code, Act of April 12, 1951, P. L. 90, art. IV, §404, as amended, 47 P.S. §4-404. It further appears that appellant is an otherwise qualified applicant. Accordingly, the Board had no discretion to refuse the transfer on the ground that appellant's paramount lessor may have a contractual right to withhold permission for appellant to serve alcohol on the demised premises.[1]

---

[1] The Food Distribution Center contends that it is a "charitable institution" within the meaning of Section 404 of the Liquor Code. If that were the case, the Board would indeed have discretion to

We can perceive no reason to retreat from or otherwise qualify our literal reading of the Liquor Code which we adopted in *Obradovich,* supra. The Liquor Control Board was designed and established to regulate the sale of liquor throughout the Commonwealth, not to adjudicate collateral issues involving rights and interests in real property. Indeed, the members of the Board are not even necessarily trained in the law.[2] A court of law or equity rather than licensing proceedings before an administrative tribunal is the proper forum for resolving such issues involving competing claims to real property.

The orders of the Superior Court and the Philadelphia Court of Common Pleas are reversed, and it is directed that the Liquor Control Board approve appellant's transfer application.

Mr. Chief Justice BELL dissents.

---

grant or refuse the transfer. However, the hearing court specifically found that the record was "too meagre" to support either this contention or the Board's finding that allowance of the transfer would adversely affect the contiguous neighborhood.

[2] Section 202 of the Liquor Code provides that: "Each member of the board at the time of his appointment and qualification shall be a citizen of the United States and a resident of the Commonwealth of Pennsylvania, shall have been a qualified elector in the Commonwealth for a period of at least one year next preceding his appointment, and shall be not less than thirty years of age. . . ."