Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant, *v.* Court House Motor Inn, Inc., Appellee.

Argued April 1, 1974, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Albert B. Miller,* Special Assistant Attorney General, with him *Alexander J. Jaffurs,* Assistant Attorney General, and *Israel Packel,* Attorney General, for appellant.

*Derek J. Reid,* with him *William H. Eastburn, III,* and *Eastburn and Gray,* for appellee.

OPINION BY JUDGE ROGERS, April 19, 1974:

This case requires us to decide whether the practice of the Pennsylvania Liquor Control Board, supported by the courts, of refusing to issue or to transfer licenses to properties subject to deed restrictions against the sale of intoxicating drink, should now be disapproved. The court below concluded that it should and we agree.

The appellee, Court House Motor Inn, Inc., applied to the Liquor Control Board for a new hotel liquor license for its 40 unit motel and restaurant located in Doylestown. The appellee's property is a small part of a tract of land which in 1926 was subjected to the restriction "[t]hat no . . . drinking saloon or any building for the . . . sale of spiritous or malt liquors or wine of any kind or description whatever . . . shall be erected on any part thereof." Eighty-eight conveyances of properties have been made from the tract since 1926. Of these, those closest to the appellee's property are used for a variety of commercial purposes. The sole reason for the Board's refusal of the license was the deed restriction.

The Superior Court consistently held that the Board might refuse to issue or transfer a license where a cove-

nant in the deed for the premises sought to be licensed prohibited the use thereof for the sale of intoxicating liquors. *J. C. Grille, Inc. Liquor License Case,* 181 Pa. Superior Ct. 456, 124 A. 2d 659 (1956); *McGettigan's Liquor License Case,* 131 Pa. Superior Ct. 280, 200 A. 213 (1938); *Cheris's Liquor License Case,* 127 Pa. Superior Ct. 355, 193 A. 162 (1937).

Some months after the decision in *J. C. Grille, Inc. Liquor License Case, supra,* the Supreme Court decided that the Liquor Control Board did not have a discretion to refuse the transfer of a license because of remonstrances of neighbors or other considerations not set out in the Liquor Code.[1] *Obradovich Liquor License Case,* 386 Pa. 342, 126 A. 2d 435 (1956). Mr. Chief Justice STERN succinctly expressed the court's view as follows: "A license may not be refused on grounds not embraced in the statute." 386 Pa. at 346, 126 A. 2d at 437. Nevertheless, the Superior Court in *Royal Liquor License Case,* 190 Pa. Superior Ct. 643, 155 A. 2d 234 (1959) again decided that the Board could lawfully refuse to issue a license where there was a restriction in the deed to the property prohibiting its use for the sale of liquor.

The *Obradovich* holding seems not to have been presented for the Superior Court's consideration in *Royal.* In *Cohen Liquor License Case,* 199 Pa. Superior Ct. 8, 184 A. 2d 387 (1962), it was; but the Superior Court adhered to its previous holdings with the statement: "We are of the opinion, however, that the deed restriction cases constitute a well defined exception to the general statement in the Obradovich opinion. It should be noted that the Obradovich case did not involve a deed restriction. It should be further noted that the Obradovich case was decided in 1956, and the opinion in the Royal case was handed down in 1959, three

---

[1] Act of April 12, 1951, P. L. 90, 47 P.S. Section 1-101 et seq.

years later. It is also significant that, although the Legislature undoubtedly has knowledge of the appellate court decisions, it did not make any change in the statute. We may reasonably assume, therefore, that the Legislature intends the law to be as we have announced it." 199 Pa. Superior Ct. at 11, 184 A. 2d at 389.

Finally, in *Pittaulis Liquor License Case*, 444 Pa. 243, 282 A. 2d 388 (1971), the Supreme Court reviewed orders of the Court of Common Pleas of Philadelphia County and the Superior Court (by a Memorandum Opinion at 217 Pa. Superior Ct. 859, 270 A. 2d 252 (1970)), upholding the refusal by the Liquor Control Board to transfer a license to a premises the lease to which contained a restriction against the sale of liquor. The Supreme Court followed *Obradovich*, reversed the orders of the Common Pleas and Superior Courts and directed approval of the transfer application. The opinion by Mr. Justice ROBERTS mentions, but neither approves nor attempts to distinguish *Cohen Liquor License Case, supra*. The following language in the opinion, however, seems to us as readily applicable to a deed as to a lease restriction: "We can perceive no reason to retreat from or otherwise qualify our literal reading of the Liquor Code which we adopted in Obradovich, supra. The Liquor Control Board was designed and established to regulate the sale of liquor throughout the Commonwealth, not to adjudicate collateral issues involving rights and interests in real property. Indeed, the members of the Board are not even necessarily trained in the law. A court of law or equity rather than licensing proceedings before an administrative tribunal is the proper forum for resolving such issues involving competing claims to real property." 444 Pa. at 249, 282 A. 2d at 390.

The language just quoted also refutes the principal justification expressed in the Superior Court cases for the Board's power to refuse to approve the issuance or

transfer of licenses—that the grant of the application by the Board would constitute a voiding of covenants in deeds. The approval by the Liquor Control Board of a license to a restricted premises in no way impairs the rights of persons who might be entitled and disposed to enforce the restriction. We might further add that neighborhoods have not escaped the rapid changes of the last decade in nearly all aspects of society; and that the enforcement of sometimes ancient restrictions on the use of land by an administrative agency without express statutory authority, is anomalous indeed.

Affirmed.