# L. T. Verrastro, Inc. v. Pennsylvania Liquor Control Board

*Carlton O'Malley, Jr.*, for appellant.
*Thomas Kilroe*, for Pennsylvania Liquor Control Board.

KOSIK, *J.*, May 2, 1977—This case is an appeal from the opinion and order of the Pennsylvania Liquor Control Board denying appellant's application for the transfer of an importing distributor license. After a review of the evidence and applicable law, this court is of the opinion that the board's refusal of the transfer was an abuse of discretion.

Appellant, L. T. Verrastro, Inc., applied for the transfer of said license which was held by Leonard T. Verrastro, an individual and an officer of the transferee corporation. By opinion and order dated January 4, 1977, the board refused the application for transfer on the grounds that:

1. It is apparent by the nature of the transfer, that the transferee corporation has been set up for the purpose of establishing a new file in the name of

the corporation without history of citations against the license of the transferor.

2. The arrest record of the corporate officer, Leonard T. Verrastro, was not listed on the application, as required.

3. Applicant does not have a lease covering the effective dates of its right to occupy the premises. (Opinion and order of the Pennsylvania Liquor Control Board.)

As to the first reason for refusal listed by the board, we note that in a nearly identical situation before the Dauphin County Court of Common Pleas: Antler Cafe Application, 60 D. & C. 2d 790 (1972); the court ordered the board to transfer the license. In that case, as in the instant case, there were no facts presented to the board to support a finding that the purpose of the transfer to a corporation was solely to avoid a history of prior citations. The only testimony before the board in the instant case was to the opposite effect—that the transfer was sought because of the declining health of the licensee, and not to create a new file clear of citations.

As to whether the licensee failed to list a prior arrest record on the application, the undisputed facts are that Leonard T. Verrastro voluntarily appeared before Federal authorities in the Middle District of Pennsylvania and entered a plea of nolo contendere to a misdemeanor violation concerning restraint of trade, specifically a violation under the Act of July 2, 1890, 26 Stat. 209, as amended, 15 U.S.C.A. 1. The law of Pennsylvania, as applied by a Federal court sitting in Pennsylvania, required that a valid "arrest" for this sort of misdemeanor be made pursuant to a warrant: United States v. Grasso, 225 F. Supp. 161, at 168 (W.D. Pa. 1964).

Since no warrant was ever issued for Mr. Verrastro, the board was remiss in finding that an arrest record should have been noted on the application for transfer. Furthermore, the testimony before the board showed that the board had actual notice of all facts surrounding the misdemeanor conviction because a citation based on these very facts had been issued to Mr. Verrastro.

Finally, the board would deny the transfer because the applicant corporation does not hold a lease covering the effective dates of occupancy of the premises. Here too, the facts of record are contrary to the board's findings. A lease for the premises was presented to the board which identifies the premises and the parties, states the rent to be paid, and which specifies that the duration of the lease shall be from 1976 until 1977. The exact dates of the lease period are supplied by the collateral agreement of sale, also presented to the board, which specifies that the lease shall run for a term of one year beginning within five days after the approval of the license transfer. Thus it appears that all of the formal requirements of a written lease under the Statute of Frauds as stated in the Restatement, 2d, Property, §2.2, are satisfied, and that a valid lease in fact exists.

The discretion of the Pennsylvania Liquor Control Board in approving or disapproving a license transfer is no greater than its discretion in approving or disapproving the original issuance of the license, and a license may not be refused on grounds not embraced in the statute: Pittaulis Liquor License Case, 444 Pa. 243, 282 A. 2d 388 (1971). Since in each of the three grounds for refusal just discussed, the board either ignored the factual record or misinterpreted the relevant law,

this court finds that the applicant is otherwise qualified under the Liquor Code of April 12, 1951, P.L. 90, as amended, 47 P.S. §1-101 et seq. The refusal of the application for transfer of the license under these circumstances was an abuse of discretion.

## ORDER

Now, May 2, 1977, it is directed that the Pennsylvania Liquor Control Board approve appellant's transfer application.