Mrs. Ruth G. Edwards, Petitioner *v.* Commonwealth of Pennsylvania, Department of State, Commissioner of Professional and Occupational Affairs (State Board of Funeral Directors), Respondent.

Argued February 3, 1978, before Judges ROGER, BLATT and DISALLE, sitting as a panel of three.

*B. James Kamage,* with him *Basil G. Russin,* for petitioner.

*Louis B. Rubin,* Assistant Attorney General, with him *Charles L. Ford,* Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, March 16, 1978:

Ruth G. Edwards, the widow of Edward T. Edwards who in partnership with Harry S. Russin had conducted a funeral business, has appealed from a decision of the State Board of Funeral Directors dis-

approving her application for a license which would permit her to engage in the business as a partner of Russin in her late husband's stead.

Edward T. Edwards and Harry S. Russin entered into a partnership agreement to operate a funeral business which contained a provision effective on the death of either that the partnership would dissolve and that the survivor might acquire the decedent's interest by purchase.

Edward T. Edwards died. Mr. Russin chose not to buy the Edwards' interest and instead entered into an arrangement with the widow, Ruth G. Edwards, that she should be admitted to the partnership in her late husband's stead. Mrs. Edwards, with Mr. Russin actively participating in the proceedings, applied for a widow's license as allowed by Section 8 of the Funeral Director Law, Act of January 14, 1952, P.L. (1951) 1898, as amended, 63 P.S. §479.8. The Board disapproved Mrs. Edwards' application. She asked for and was granted a hearing, after which the Board issued a written decision again refusing the license. Mrs. Edwards has appealed. We conclude that the Board's action was an abuse of its discretion, reverse its order and direct that the license issue.

Section 8(a) of the Funeral Director Law, 63 P.S. §479.8(a), provides, *inter alia,* that:

> Upon the death of a licensee, the board, in its discretion, may issue a license . . . to . . . widows or widowers of deceased licensees. . . .

Discretion vested in administrative agencies must be exercised soundly. If administrative discretion is exercised arbitrarily or unreasonably, if the law is overridden or misapplied or if the judgment made is manifestly inappropriate, courts will declare that the agency has abused its discretion and will set aside its action.

The State Board of Funeral Directors justified its refusal to grant Mrs. Edwards' application on two grounds. It first set about construing the partnership agreement between the late Mr. Edwards and Mr. Russin, concluded that the original parties did not intend that Mrs. Edwards should enter the business with Mr. Russin and decided that it was the Board's duty to enforce the agreement by refusing the license. It did so despite the fact that no one except Mrs. Edwards and Mr. Russin seems to have any interest whatsoever in the business, and in the absence of any evidence that the public would be disserved by Mrs. Edwards' possession of a widow's license. The State Board of Funeral Directors was designed and established to regulate the conduct of the funeral business in Pennsylvania; it is not the proper forum for deciding legal issues regarding partnership agreements, especially issues no one has raised. *See Pittaulis Liquor License Case*, 444 Pa. 243, 282 A.2d 388 (1971); and *Pennsylvania Liquor Control Board v. Court House Motor Inn, Inc.*, 13 Pa. Commonwealth Ct. 164, 318 A.2d 383 (1974).

Second, the State Board of Funeral Directors, apparently caught up in an enthusiasm of the times, announced a new policy with respect to the licenses of widows, widowers and estates of deceased licensees authorized by Section 8 of the Act; to wit, that the issuance of such licenses "should be restricted to situations where substantial harm would be worked on the consumer if a license were *not* issued." (Emphasis added.) There are several things wrong with this statement, in addition to the manner of its adoption —without notice to Mrs. Edwards or opportunity to meet the newly established burden of proving that to refuse the license would harm consumers.

The Board has fully promulgated a comprehensive set of rules and regulations governing the issuance of licenses to survivors which, of course, not only contain no hint of the Board's standard announced first in this case but which, to the contrary, provide that the widow, widower or the estate *"shall* be permitted to succeed to the interest of the director in a funeral establishment and *shall* receive a restricted funeral license of the director for that purpose." (Emphasis added.) 49 Pa. Code §13.131 et seq.

Further, the Board's statement of policy that no license should issue to a survivor without proof that the refusal would harm consumers is, we believe, at odds with the aim of the Legislature in authorizing the grant of such licenses. The purpose of the provision is to prevent or alleviate the considerable losses to survivors who, on the death of a licensed director, might find themselves with a funeral home property in which substantial investment had been made by their decedent but which, being of little or no use except to a licensed person, could be disposed of only at great sacrifice. The Legislature obviously intended that licenses should be granted to survivors unless there is some sound reason, including harm to consumers, for not granting it; not, as the Board apparently believes, that such licenses should be refused unless harm will be inflicted on the consuming public by such action.

The Board abused its discretion. We must reverse its order refusing Mrs. Edwards' application and direct the license to issue.

ORDER

AND Now, this 16th day of March, 1978, the order of the State Board of Funeral Directors dated June 27, 1977 is reversed with direction that the license applied for by Mrs. Ruth G. Edwards issue.