Appeal of Marble Hall Investment Company, Towamencin Tavern, Sumneytown Pike, P.O. Box 121, Towamencin Township, Kulpsville, Pennsylvania. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.

Argued April 7, 1978, before Judges WILKINSON, JR., BLATT and DISALLE, sitting as a panel of three.

*Sidney A. Simon,* Special Assistant Attorney General, with him *Harry Bowytz,* Chief Counsel, and *Robert P. Kane,* Attorney General, for appellant.

*A. Richard Gerber,* with him *Gerber, Maerz, Wilenzik & Shields,* for appellee.

OPINION BY JUDGE BLATT, August 17, 1978:

The Pennsylvania Liquor Control Board (Board) has appealed from an order of the Court of Common Pleas of Montgomery County which directed the Board to renew a restaurant liquor license to Marble Hall Investment Company (Marble Hall).

The restaurant license in question here was originally issued to Francis A. Carr (Carr) on April 11, 1975. On May 23, 1975, Carr applied for the trans-

fer of the license to Marble Hall which was approved on June 13, 1975. While Marble Hall searched for a new location, the license was returned to the Board for safekeeping. Marble Hall subsequently filed a timely application for the renewal of the license, but the Board notified the company on January 20, 1976 that the license would not be renewed. After a hearing requested by Marble Hall, the Board issued an order on December 15, 1976, refusing to renew the license and holding that Carr had deceived the Board in his application for a license and that he had obtained the license with the intention to resell it at a profit. The Board's order was then appealed to the lower court, which took no additional testimony but reversed on legal grounds, directing that the license be renewed.

The sole issue before us is whether or not the lower court properly interpreted Section 464 of the Liquor Code[1] (Code), 47 P.S. §4-464, which provides in pertinent part:

> In considering the renewal of a license, the board shall not refuse any such renewal on the basis of the propriety of the original issuance or any prior renewal of such license.

The lower court reasoned that the question of Carr's motive in securing the license initially concerned the *propriety* of the original issuance, and that this motive was consequently irrelevant in considering the later application for a renewal of this license.

The Board has argued that Carr's alleged deception could rise to the level of fraud and that the original issuance of the license would, therefore, have been illegal. The Board relies on *Whitford Liquor License Case,* 166 Pa. Superior Ct. 48, 70 A.2d 708 (1950), in

---

[1] Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §1-101 et seq.

which our Superior Court interpreted this section of the Code to hold that the Board may deny a renewal application if the original issuance was an *illegal* act. In *Whitford* the Board had mistakenly issued a license in a locality where the existing licenses already exceeded the statutorily prescribed quota. The court held that Section 464 did not prevent the Board from correcting its own errors of law when it considered a renewal application, and the court there distinguished "legality" from "propriety":

> 'Legality' imports conformity to law; in that context, 'propriety' connotes conformity to a norm of conduct, or more specifically, it signifies appropriateness, suitability, fitness, correctness. . . . A judicial inquiry of the legality of an act requires examination of the law upon which it was ostensibly predicated. A judicial inquiry as to the propriety of an act of a public authority involves judgment upon the discretion and wisdom exercised in the circumstances.

*Whitford, supra,* 166 Pa. Superior Ct. at 51, 70 A.2d at 710.

The Board has not alleged here, as was alleged in *Whitford, supra,* that it did not have the legal authority to issue the license initially. Moreover, as our Supreme Court has held, the only inquiries which the Board may make in the initial grant of a license are those involving the fitness of the applicant, the consideration of whether or not the applicant alone is pecuniarily interested, and the investigation of whether or not the premises meet all of the Code requirements. *Pittaulis Liquor License Case,* 444 Pa. 243, 282 A.2d 388 (1971). The motive behind Carr's application for a license, therefore, may have been relevant to his fitness as a potential licensee, but any inquiry into his motive would, we believe, concern only "the discretion and wisdom" of the Board in granting

him a license initially. Such an inquiry would fall within the area of the "propriety" of the Board's action. Inasmuch as Section 464 specifically prohibits the denial of a renewal license based upon the propriety of the original issuance, we must conclude, therefore, that the Board erred here in denying Marble Hall's renewal license on that basis.

The lower court properly reversed the Board and ordered that the renewal license be issued, and we will affirm that order.

### Order

And Now, this 17th day of August, 1978, the order of the Court of Common Pleas of Montgomery County directing the Pennsylvania Liquor Control Board to renew the liquor license of Marble Hall Investment Company is hereby affirmed.