# In Re: Appeal of Makro Self-Service Wholesale Beer Distribution Corporation on Denial of Application for Transfer of Malt Beverage Distributor License D-3561

*Joseph F. Lynch*, for Liquor Control Board.
*Joseph G.J. Connolly*, for applicant.

RUFE, *J.*, May 24, 1982—In this malt and brewed beverages distributor's license appeal appellant was denied a license and has appealed to this court whereupon a hearing de novo was held.

Appellant's license application sought approval for premises located in an area of Middletown Township, Bucks County, zoned for wholesale

sales only and wherein retail sales were prohibited. The Pennsylvania Liquor Control Board denied the application because the wholesale sales limitation of the applicable zoning classification would not permit sales to all members of the general public, and appellant's proposed plan to confine sales to wholesale customers who qualified for identification cards would limit its patrons only to those persons eligible to buy at an adjacent wholesale trade distribution center.

At the hearing de novo a stipulation of facts was entered into the record which we herein state in its entirety. In addition, one witness was presented.

## FACTS

The following are the stipulated facts:

1. Appellant, Makro Self-Service Wholesale Beer Distribution Corp., is a corporation duly organized under the laws of the Commonwealth of Pennsylvania, and authorized to engage in all lawful businesses, including the sale of malt and brewed beverages in containers.

2. Appellant is the lessee of certain premises at 900 Wheeler Way, Langhorne, Pa., hereinafter referred to as the "Premises."

3. Appellant, on June 22, 1981, filed with the appellee, Pennsylvania Liquor Control Board, hereinafter referred to as the "Board," an application for transfer of malt beverage distributor license No. D-3561 to appellant for the purpose of conducting a beer distributor business at the premises.

4. The board conducted a full investigation of the application. During that investigation, the board was informed: (a) that the Solicitor of Middletown Township, where the Premises are located, had asserted that the zoning classification applicable to

the Premises would not permit a business serving all members of the general public; and (b) that in response to that objection appellant intended to limit its patrons to persons who were eligible to purchase goods at a wholesale trade distribution center located adjacent to the premises.

5. On November 4, 1981, the board: (a) found that the appellant and its officers were of good character and reputation and that the Premises if completed as planned were suitable for the licensed business; and (b) refused the application for transfer on the grounds stated in the Notice of the Board dated November 6, 1981 and attached hereto as Exhibit "A".[1]

6. A hearing was held on appellant's request on December 1, 1981 before Hearing Examiner Norton A. Freedman, Esq.

7. At the December 1 hearing, the testimony introduced by the board consisted of a report which was read into the record by an employee of the board; a copy of that Report is attached hereto as Exhibit "B".[2] Appellant introduced no testimony at

1. The specific reasons for the application refusal were:

"1. A distributor licensee is under obligation to sell to the general public, therefore, this type of operation in the premises proposed to be licensed would constitute a violation of the township's zoning ordinance.

2. The corporation plans to confine sales to designated representatives of businesses that apply for and receive an identification card and does not intend to sell to the general public."

2. The report includes, inter alia, all of the pertinent details of the inspection of the premises which were satisfactory; the corporate structure and ownership thereof of the applicant; the zoning classification and the statement of the township solicitor that retail sales to the public at large would violate the zoning of the premises; and a legal opinion that limiting sales to identification card holders would not satisfy the requirements of a distributor license holder.

the hearing. Appellant's memorandum of law, the board's response, and the reply of appellant, which were submitted to the Examiner subsequent to the hearing, are attached hereto as Exhibits "C-1", "C-2", and "C-3", respectively.

8. On January 22, 1982, the board filed an opinion and order, a copy of which is attached hereto as Exhibit "D," refusing to transfer distributor license No. D-3561 to appellant.

The following additional facts are found by the court:

9. Exhibit "D" of the stipulated facts included the specific reasons for the denial of the appellant's license application which are as follows:

"1. A distributor licensee is under obligation to sell to the general public; therefore, this type of operation in the premises proposed to be licensed would constitute a violation of the township's zoning ordinance.

"2. The corporation plans to confine sales to designated representatives of businesses that apply for and receive an identification card and does not intend to sell to the general public."

10. Makro Self-Service Wholesale Corporation, owner of 48 percent of appellant, issues the "passports" or identification cards to customers who qualify to buy at the self-service Wholesale distribution center. These same passports or identification cards would be honored by appellant without any further qualification.

11. Such passports or identification cards are issued to any authorized representative or employee of any business organization whether incorporated or not, or for profit or non-profit, or any sole proprietorship, partnership, professional person, or other business entity.

12. As of March 13, 1982, approximately 50,000 individual passport cards had been issued, authorizing admission to the wholesale distribution center for approximately 100,000 persons (two named individuals per card).

13. No evidence was presented at the Board proceedings or in this hearing de novo that passports or identification cards were denied to any applicant at any time because of race, color, religious creed, ancestry, age, sex or national origin.

## DISCUSSION

The Pennsylvania Liquor Control Board has clearly taken the position in this case that any applicant granted a beer distributor license is required to sell to the general public. The Board further contends that the "passport" or identification card plans identifying qualified wholesale business customers, which the applicant in this case has devised in order to comply with the zoning requirements of its business location, is discriminatory, and therefore, in violation of the Pennsylvania Constitution[3] and Pennsylvania Human Relations Act[4] prohibitions against discrimination.

On the contrary, appellant contends that there is no requirement in the beer distributor license provisions requiring such a licensee to sell to the "general public," whereas there is such a specific requirement of other types of licensees. Appellant further argues that its passport program is not discriminatory, in that no individual is denied a card for the reasons of race, color, religious creed, an-

3. Pennsylvania Constitution, Article I, Section 26

4. October 27, 1955, P.L. 744 §1, February 28, 1961, P.L. 47, §1, et seq.; 43 P.S. §951, et seq.

cestry, age, sex or national origin, the categories specifically designated in the Constitution and legislation as protected from discrimination.

We are mindful that the Board has no discretion to deny a license to an applicant if that applicant meets all of the requirements set forth in the Liquor Code for the issuance or transfer of such a license. In re. Obradovich's Appeal, 386 Pa. 342, 126 A. 2d 435 (1956); Pennsylvania Liquor Control Board v. Court House Motor Inn, Inc., 13 Commw. 164, 318 A. 2d 383 (1974). See also Alcoholic Beverage Distributors, Official Opinion of Attorney General No. 75-27, 70 D. & C. 2d 239 (1974). In the present case the Board concedes that the appellant complies with every requirement except the alleged implicit requirement that a malt or brewed beverage distributor licensee must sell to the "general public."

The requirements for the issuance of a malt or brewed beverage distributor's license are set forth in sections 431(b), (c) and (d), and 441 of the Liquor Code.[5] We have reviewed those lengthy subsections thoroughly and find no specific requirement that a malt or brewed beverage distributor licensee must sell to the "general public." This omission is significant when compared to the requirement in Section 442(b) of the same act (47 P.S. § 4-442(b)) wherein a retail dispenser of malt or brewed beverage *is* specifically required to serve the "general public." However, we surmise that the board has abandoned this position in light of the foregoing statutory language, for counsel argued this position in the Board proceedings (Exhibit C-2 attached to the stipulation of facts presented at the de novo hearing) and in oral argument at the de novo hear-

5. April 12, 1951, P.L. 90, Art. IV, §431, §441, as amended, 47 P.S. §4-431(b), (c) and (d), §4-441.

ing, but makes no mention of this contention in his post de novo hearing brief. Counsel now relies entirely on his argument that the Board may deny a license to an applicant who discriminates or has the *"opportunity to discriminate."* (Emphasis by the Board's counsel in his brief.)

The two grounds for denying appellant's license application, as set forth above in Finding No. 9, are as follows:

"1. A distributor licensee is under obligation to sell to the general public; therefore, this type of operation in the premises proposed to be licensed would constitute a violation of the township's zoning ordinance.

"2. The corporation plans to confine sales to designated representatives of businesses that apply for and receive an identification card and does not intend to sell to the general public."

We find that the board erred in finding a requirement that distributor licensees must sell to the general public, and that appellant's plan not to sell to the general public was violative of that requirement. In addition, even if the proposed license would violate the Township's zoning ordinance, under Obradovich and Court House Motor Inn, Inc., supra, such a circumstance is not grounds for denying the application. Accordingly, we must reverse the board's order, and direct that the proposed license transfer be granted.

As to the board's present contention that the appellant's proposed passport system of identifying qualified buyers, designed to meet the wholesale sales requirements of the Township's zoning ordinance, represents a discriminatory practice violative of the Pennsylvania Constitution and the Pennsylvania Human Relations Act, we note

parenthetically that such a contention is now raised for the first time and was *not* the ground upon which the board denied the application. Nevertheless, this argument is misplaced for there is no evidence anywhere in the record of this case that the applicant (or its parent company which issues the passport) has ever denied any individual's request for a passport because of race, color, religious creed, ancestry, age, sex or national origin.

Finally, the board argues that if the license is approved, it will extend to the appellant only, and it is inappropriate to have another corporation make the determination of who appellant's customers will be. However, we note from the record that Makro Self-Service Wholesale Corporation, the corporation that is approving and issuing the passports or identification cards, is 48 percent owner of the applicant, Makro Self-Service Wholesale Beer Distribution Corporation. We note also that this too was *not* a ground for the board's denying the application, but we find for the purposes of customer determination the two corporations are, to all intents and purposes, one and the same.

Accordingly, we enter the following

## CONCLUSIONS OF LAW

1. Sections 431(b), (c) and (d) and 441 of the Liquor Code do not require a malt or brewed beverage distributor to sell to the general public.

2. The Pennsylvania Liquor Control Board erred in its opinion of January 22, 1982 in holding that a distributor licensee is required to sell to the general

public, and appellant's plan not to sell to the general public is violative of that requirement.

3. The Pennsylvania Liquor Control Board erred in denying the appellant's application for the reason that it violated the Township's zoning ordinance. Such reason for denial is not valid.

4. Appellant's proposed passport or identification card method of determining its customers is not violative of the Pennsylvania Constitution or Pennsylvania Human Relations Act prohibiting against discrimination by reason of race, color, religious creed, ancestry, age, sex, or national origin.

5. The issuance of passports or identification cards by appellant's parent corporation, which corporation is a 48 percent owner of appellant as a method of determining appellant's customers, is not a valid reason for denying appellant's application.

Accordingly, we enter the following

ORDER

And now, May 24, 1982, the order of January 22, 1982 issued by the Pennsylvania Liquor Control Board refusing "the application for transfer of distributor license applied for by Makro Self-Service Wholesale Beer Distributor Corp. for premises at 900 Wheelerway (sic) Drive, Langhorne, Bucks County" is hereby reversed and it is hereby ordered and directed that said application is hereby approved.