H. P. Brandt Funeral Home, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Department of State, Bureau of Professional and Occupational Affairs, State Board of Funeral Directors, Respondent.

Argued September 12, 1983, before Judges ROGERS, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Gary Milnes, Brandt, Milnes, Rea and Wagner,* for petitioner.

*Jerome P. Grossi,* Counsel, with him *Edward D. Frank, II,* Chief Counsel, and *David F. Phifer,* Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, November 4, 1983:

H. P. Brandt Funeral Home, Inc., has filed a petition for review of a decision of the Pennsylvania Board of Funeral Directors denying its application for a license to operate a branch funeral home.

The petitioner is a Delaware business corporation, the capital stock of which is owned by the children and grandchildren of H. P. Brandt, the founder of the business. It holds a license issued by the Pennsylvania Board of Funeral Directors to operate a funeral business located on the Perry Highway in Allegheny County, Pennsylvania. The Perry Highway address is the petitioner's only place of business; it has never held a license to operate a branch funeral home.

The Pennsylvania Board of Funeral Directors refused the petitioner's application for a branch license on the ground that the petitioner, being a business corporation, was not permitted to practice funeral directing at a branch place of business. See Section 8(e) of the Funeral Director Law, Act of January 14, 1952, P.L. (1951) 1898, *as amended,* 63 P.S. 479.1-479.19.

The petitioner contends that in passing a 1976 Amendment to the Funeral Director's Law the legis-

lature intended to authorize the granting of branch licenses to business corporations. We disagree. The language of the statute, particularly when read in conjunction with the Commonwealth's strong policy against issuing branch licenses to corporations, compels us to conclude that the Pennsylvania Board of Funeral Directors properly refused to grant the petitioner a license to operate a branch funeral home.

Prior to the enactment of the Undertaker's Law, Act of June 10, 1931, P.L. 485 (repealed), the predecessor of the present Funeral Director Law, there were no restrictions on the practice of funeral directing by business corporations which were not applicable to practitioners otherwise organized specifically, there were no restrictions on corporations having branch offices. Section 13 of the Act of June 10, 1931, however, provided:

> The provisions of this act shall not be construed as preventing the conducting of the business or profession of undertaking by a corporation heretofore licensed; . . . and no branch licenses shall hereafter be granted any corporation.

Thus, after 1931 branch licenses could not lawfully be issued to a corporation, although corporations holding branch licenses valid when issued were permitted to retain and renew them.

By Act of January 14, 1952 the legislature replaced the Undertaker's Law with the Funeral Director Law and by the Act of March 3, 1976, P.L. 32, that portion of the Funeral Director Law which prohibited branch licenses was amended to allow the Board to issue one such license to a previously authorized licensee. This amendment provided:

> (e) *Branch Place of Practice* Licensees authorized to conduct a funeral directing practice whether as an individual, partnership, pro-

fessional corporation or restricted business corporation may practice at one principal place and no more than one branch place provided that a licensed funeral director is assigned as a supervisor to such branch location. ...

The 1976 amendment further defines a professional corporation as a business organization incorporated pursuant to the Professional Corporation Law, Act of July 9, 1970, P.L. 461, 15 P.S. 2901, by one or more licensed funeral directors specifically for the purpose of conducting a funeral directing practice. A restricted corporation is defined by the amendment as a corporation formed by one or more licensed funeral directors specifically for the purpose of conducting a funeral directing practice and whose shareholders are licensed funeral directors or members of the immediate family of a licensed funeral director.

The petitioner would have us disregard the legislative history dating from 1931 forbidding branch licenses to business corporations and urges us to construe the 1976 amendement to the Funeral Director Law as permitting the issuance of branch licenses to the business corporations. We find this impossible. The 1976 amendment gives four classes of licensees the right to practice at a branch place: an individual, a partnership, a professional corporation and a restricted corporation. Business corporations are not included.

The petitioner also contends that the Board's refusal to issue branch licenses constitutes a denial of equal protection and a deprivation of property without due process of law. Although the petitioner concedes that the state may regulate the funeral business for the protection of public health, it alleges that the Board's refusal to grant branch licenses to business corporations is not reasonably related to the accomplishment of this end. The petitioner contends that

because all funeral businesses are subject to detailed regulations of their daily operations, the Board's refusal to grant branch licenses to business corporations provides the public no additional protection.

The equal protection clause requires that legislative classifications have some relationship to a proper state purpose. *Moyer v. Phillips,* 462 Pa. 395, 341 A.2d 441 (1975). The due process clause similarly requires a showing of some relationship between the challenged statute and the achievement of a legitimate state goal.

> As long as there is some relation between the prohibition against licensing new branch offices and the regulation of the business of undertaking to protect public health, the legislature has the power to determine whether or not such prohibition is desirable. In every instance the details of the regulations are for the legislature to determine, not subject to judicial regulation unless so palpably unreasonable as to suggest that their real object is not to protect the community or to promote general well being, but, under the guise of police regulation, to deprive the owner . . . of his property without due process of law. State Board of Funeral Directors v. L. Beinhauer and Son Co., 23 Pa. Commonwealth 106, 350 A.2d 453 (1976) citing Mugler v. Kansas, 123 U.S. 623; Nolan v. Jones, 263 Pa. 124, 106 A. 235 (1919); Grime v. Department of Public Instruction, 324 Pa. 371, 188 A. 337 (1936).

The statutory scheme here attacked differentiates between the business corporations on the one hand and professional and restricted corporations on the other. As noted, in professional and restricted corporations the shareholders must be licensed funeral directors or the members of the immediate family of licensed funeral directors. Of course, the shareholders of a busi-

ness corporation may have no connection whatsoever with the business or profession engaged by the corporation—in this case funeral directing.

The petitioner also argues that classification by shareholder licensing is not reasonably related to the protection of the public health and that the public health is adequately protected by regulations which require all funeral homes to be supervised by full-time licensed funeral directors. However, the petitioner overlooks the traditional and expected role of the shareholders in shaping the policies of the business corporation. It is conceivable that a licensed funeral director employed by the business corporation could find his conduct influenced not by the standards of his profession but rather by the financial interests of his employer. We may agree that most, if not all, funeral directors employed by business corporations practice their profession in accordance to the highest standards of their ancient art, but we remain convinced that it is reasonable for the legislature to limit the role of business corporations in the funeral directing business by conferring broader powers on organizations whose shareholders are professionals or members of the families of professionals. The denial of branch licenses to business corporations is not so palpably unreasonable as to amount to a taking of the petitioner's property without due process of law nor is it unrelated to the achievement of a legitimate state interest.

For these reasons, the order of the Pennsylvania Board of Funeral Directors is affirmed.

ORDER

AND Now, this 4th day of November, 1983, the decision of the Pennsylvania Board of Funeral Directors dated 22 February 1982 is affirmed.

Judge WILLIAMS, JR. dissents.