649 A.2d 207

**Marie C. DONATO and A.P. Donato Funeral Home, Inc., Petitioners,**

v.

**STATE BOARD OF FUNERAL DIRECTORS, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 21, 1994.

Decided Oct. 25, 1994.

Petition for Allowance of Appeal Denied Feb. 27, 1995.

---

178

Alan M. Bredt, for petitioners.

Gerald S. Smith, Deputy Chief Counsel, and Joyce McKeever, Chief Counsel, for respondent.

Before COLINS, President Judge, and DOYLE, SMITH, PELLEGRINI, FRIEDMAN, KELLEY and NEWMAN, JJ.

PELLEGRINI, Judge.

Marie C. Donato (Donato) appeals an order of the Board of Funeral Directors (Board) denying her application for a restricted business corporation license[1] for the A.P. Donato Funeral Home.

A.P. Donato was a licensed funeral director and operated the A.P. Donato Funeral Home as a sole proprietor. Donato is his daughter. After A.P.'s death in 1963, his wife was issued a widow's license allowing her to operate the business for the remainder of her life or until remarriage.[2] At that

---

1.  Section 8(b) of the Funeral Directors Law (Law), Act of January 14, 1952, P.L. (1951) 1898, *as amended*, 63 P.S. § 479.8, provides:

    **(b) Restricted Corporate License.** A corporate license may be issued to a Pennsylvania corporation which is incorporated ... by one or more licensed funeral directors specifically for the purpose of conducting a funeral directing practice.... Such license shall be valid only if the following conditions exist at the time of issuance of the license and continue in effect for the license period:

    *    *    *    *    *    *

    (3) One or more of its principal corporate officers is a person licensed as a funeral director who shall also be a member of the board of directors of the corporation and shall not conduct any other funeral business.

    (4) All of its shareholders are licensed funeral directors or the members of the immediate family of a licensed funeral director or a deceased licensed funeral director who was a shareholder in the corporation at death. For the purposes of this paragraph, "members of the immediate family" shall mean (i) spouse, (ii) children, (iii) grandchildren, (iv) a trustee or custodian who holds shares for the benefit of such spouse, children or grandchildren.

2.  Section 8(a) of the Act, 63 P.S. § 479.8(a), provides:

    **(a) Individuals and Partnerships.** ... Upon the death of a licensee, the board shall issue a license and renewal thereof to his estate, only for a period not exceeding three (3) years, or widows or widowers of deceased licensees without time limitations, as long as they remain

time, the Law provided for funeral homes to be operated only by licensed individuals, partnerships or their widows/widowers or estates. However, by the Act of March 3, 1976, P.L. 32, the General Assembly amended Section 8 of the Law to allow licensed funeral directors to operate their funeral homes under a restricted business corporation license. The amendment not only allowed licensed funeral directors to form a restricted business corporation, but allowed the licensed funeral director to include immediate family members as shareholders in the corporation. Through these corporations, immediate family members can carry on the business in a manner similar to the widow's license.

In 1993, Donato applied for a restricted business corporation license for the funeral home as the sole shareholder in the corporation. Although not a licensed funeral director, Donato contended she was entitled to be a shareholder in a restricted business corporation because she was an immediate family member. The Board denied the application finding that under the Law, only a licensed funeral director could grant an ownership interest in the corporation to an unlicensed family member. This appeal followed.[3]

On appeal, Donato raises *only* the following issues:

1. The requirement of Section 8(b)(4) of the Funeral Directors Law, 63 P.S. Section 479.8(b)(4) (the "Law"), that the shareholders of a Restricted Business Corporation must be members of the immediate family of a deceased licensed funeral director who was a shareholder in the same corpora-

unmarried, providing the widow or widower, the executor or administrator of the estate of the deceased licensee's heir or heirs, informs the board of the intent to continue practice, within ten (10) days and applies within thirty (30) days for a certificate of licensure. Such notice shall be in writing. The practice carried on by a licensee's estate, widow or widower shall be under the supervision of a licensed funeral director employed on a full-time basis....

\*    \*    \*    \*    \*    \*

3. Our scope of review is limited to determining whether findings of fact are not supported by substantial evidence, there was an error of law or a violation of constitutional rights. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

tion at death, creates a distinction among decendents of funeral home owners that has no rational basis.

2. The requirement of Section 8(b)(4) of the Law, 63 P.S. Section 479.8(b)(4), that shareholders of a Restricted Business Corporation must be members of the immediate family of a deceased licensed funeral director who was a shareholder in the same corporation at death is arbitrary and unreasonable and bears no relation to the purpose of the Law, namely, to provide for the better protection of life and health of the citizens of this Commonwealth through examination, licensure and registration of persons and corporations engaging in the care, preparation and disposition of bodies of deceased persons.

Brief of Marie Donato, p. 6.

These issues raise the question of whether the restricted business corporation provision in the Funeral Director's Law that excludes Donato from being a shareholder in such a corporation violates her due process and equal protection rights. According to Donato, the Law's restriction allowing only licensed funeral directors to form restricted business corporations is not rationally related to the legitimate state interest in protecting the public health and safety. She contends that the state's interest in protecting the public health and safety would not be impaired if the unlicensed descendants of the licensed funeral director formed the restricted business corporation because the Law requires the funeral home to employ a licensed funeral director full-time.[4]

■ To be successful in her equal protection challenge, Donato must establish that the legislative classification that allows only licensed funeral directors to designate immediate

---

**4.** The Board contends that Donato lacks standing to challenge the Law because only licensed funeral directors can form a restricted business corporation. According to the Board, because Donato is not a licensed funeral director and has no right to form such a corporation, she is not adversely affected by the Law.

However, pursuant to Article V, Section 9 of the Pennsylvania Constitution, in conjunction with Section 702 of the Administrative Agency Law, 2 Pa.C.S. § 702, Donato has standing to appeal as a person aggrieved by an action of an administrative agency.

family members shareholders in a restricted business corporation does not have some valid state purpose. Similarly, Donato's due process challenge requires a showing that no relationship between the challenged statute and the achievement of a legitimate state goal exists. *H.P. Brandt Funeral Home v. Department of State, Bureau of Professional and Occupational Affairs, State Board of Funeral Directors*, 78 Pa.Commonwealth Ct. 206, 210, 467 A.2d 106, 108 (1983). Moreover, Donato must overcome the presumption that a lawfully enacted statute is constitutional and is not to be declared otherwise unless it "clearly, palpably and plainly" violates the constitutions of the Commonwealth or the United States, and that any doubts as to the statute's constitutionality are to be resolved in favor of sustaining the statute. *Cloonan v. Thornburgh*, 103 Pa.Commonwealth Ct. 1, 11, 519 A.2d 1040, 1046 (1986).

Regarding the funeral business generally, our courts have long recognized that the General Assembly has a legitimate interest in regulating the licensing of funeral directors in order "to protect the public health from the dangers attendant upon the inexpert conduct of undertaking by those not qualified by the necessary knowledge of principles of sanitation and disease prevention." *Board of Funeral Directors v. L. Beinhauer & Son Company*, 23 Pa.Commonwealth Ct. 106, 110, 350 A.2d 453, 456 (1976) (*quoting Grime v. Department of Public Instruction*, 324 Pa. 371, 188 A. 337 (1936)). Because of the specific use, nature and high cost of establishing a funeral home, the General Assembly also has a legitimate interest in the continuation of an established funeral home business after the death of the licensed funeral director. It has addressed this concern in part by providing for "widow's" licenses and the formation of restricted business corporations allowing certain family members to continue the operation of the business after the death of the licensed funeral director.

In *Edwards v. Department of State, Commissioner of Professional and Occupational Affairs (State Board of Funeral Directors)*, 34 Pa.Commonwealth Ct. 249, 383 A.2d 564 (1978), we addressed the General Assembly's policy reasons for allowing widow's licenses, which necessarily applies to its allowance

of the participation of unlicensed family members of a licensed funeral director in the ownership of restricted business corporations. In that case, we noted that the purpose for allowing widow's licenses was:

"to prevent or alleviate the considerable losses to survivors who, on the death of a licensed director, might find themselves with a funeral home property in which substantial investment had been made by their decedent but which, being of little or no use except to a licensed person, could be disposed of only at great suffering."

*Id.* at 253, 383 A.2d at 566.

With the restricted business corporation amendment, the General Assembly expanded the group of unlicensed individuals that could participate in ownership of the funeral home and continue its operation after the death of the licensed director. By doing so, it balanced the public interest in the establishment and continuation of funeral homes with the public safety interest in having funeral homes owned and operated by licensed funeral directors. To achieve this balance, the General Assembly restricted the involvement of unlicensed individuals in the funeral home business by requiring that at least one shareholder be a licensed funeral director, and that such licensee affirmatively grant unlicensed family members an ownership interest in the business. While taking into account the benefit to the community from the continuation of a funeral home through family members, this requirement recognizes that in order to insure that funeral homes are operated in accordance with the highest standards of the profession, it is necessary for the licensed funeral director to grant the ownership interest. *See H.P. Brandt,* 78 Pa.Commonwealth Ct. at 211, 467 A.2d at 109.

The General Assembly could have allowed "widows" and immediate family members of the deceased licensed funeral director to form a restricted business corporation after his or her death. However, it chose not to do so in either case. Instead, the General Assembly chose to restrict the ability to form a restricted business corporation to licensed funeral directors only. "The fact that a classification may be underin-

clusive, however, does not invalidate the statute, since the legislature is not constitutionally required to eradicate an entire problem, but may proceed on a piecemeal basis." *Parker v. Department of Labor and Industry*, 115 Pa.Commonwealth Ct. 93, 115, 540 A.2d 313, 325 (1988). The fact that certain family members may not be granted an ownership interest or, in Donato's case, the licensee dies without forming a restricted business corporation, does not constitute a denial of equal protection by the state. *Id.* at 116, 540 A.2d at 325.

Accordingly, because the legislative scheme is reasonably related to the public safety interest in regulating funeral licenses, the order of the Board is affirmed.

### ORDER

AND NOW, this 25th day of October, 1994, the order of the State Board of Funeral Directors dated November 4, 1993, is affirmed.

SMITH, J., dissents.

FRIEDMAN, J., concurs in the result only.